Pat Dahlgren, Director Division of Mental Health Services Arkansas Department of Human Services 4313 West Markham Little Rock, AR 72205-4096
Dear Ms. Dahlgren:
You have requested approval, pursuant to the Interlocal Cooperation Act [A.C.A. § 25-20-101 et seq.], of two proposed interlocal agreements. One is between the Department of Human Services, Division of Mental Health Services, Research and Training Institute (DMHS-RTI), and the Board of Trustees of the University of Arkansas for and on behalf of the Department of Psychiatry and Behavioral Sciences of the University of Arkansas for Medical Sciences campus (UAMS-DPBS). The other is between DMHS-RTI and UAMS. These agreements are two-year agreements that will go into effect on July 1, 2003.
You have submitted copies of the agreements.
Under the terms of the agreements, the parties agree generally that DMHS-RTI will provide rotations, facilities, training, and consultation for UAMS residents and students in psychiatry; that UAMS-DPBS will provide training and residents for such programs and will encourage their availability for weekend and night calls at the Arkansas State Hospital; that the parties will otherwise cooperate in exploring the feasibility of a student loan program, in implementing residency training programs; and that DMHS-RTI will fund certain stipends for residents and will reimburse UAMS monthly for costs as they are incurred and billed.
The agreements further set forth provisions explicitly addressing the purpose of the agreements, the duration of the agreements, the administrator of the agreements, the budget for the agreements and implementation thereof, the implementation and amendment of the agreements, the acquisition and disposal of property used pursuant to the agreements, and termination of the agreements.
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
 (2) The organization, composition, and nature of any separate legal or administrative entity created by the agreement, and the powers delegated to that entity;
(3) The purposes of the agreement;
 (4) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (5) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
(6) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property (if any) used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
The agreements that you have submitted must specify all of the above-listed items.
I am required by law to review the agreements for the purpose of determining whether they are in proper form, as described above, and are otherwise compatible with the laws of the state. Having reviewed the agreements, I find that they are in the proper form and appear to be otherwise compatible with Arkansas law. The agreements are therefore approved as submitted.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General